UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SUSAN ELLINGBURG                                                    PLAINTIFF

VS.                                     CIVIL ACTION NO. 4:07CV10TSL-LRA

AMERICAN GREETINGS CORP.                                            DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant American Greetings Corp. to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant contends that although plaintiff's complaint does allege that plaintiff is a citizen of Mississippi and defendant is a nonresident corporation, she has failed to allege any amount in controversy and therefore has failed to plead the requisites for federal diversity jurisdiction so that her complaint must be dismissed. In response to defendant's motion, plaintiff argues that in view of the types of injuries she has claimed, it is facially apparent that the amount in controversy exceeds $75,000.

In accordance with Rule 8(a)(1) of the Federal Rules of Civil Procedure, each party asserting a claim for relief has the burden of setting out in her pleading "a short and plain statement of the grounds upon which the court's jurisdiction depends". Fed. R. Civ. P. 8(a)(1); <u>Nadler v. American Motors Sales Corp.</u>, 764 F.2d 409, 412-413 (5th Cir. 1985). To satisfy this burden, the plaintiff's complaint must set out the basis for jurisdiction "distinctly and affirmatively." <u>Kerney v. Fort Griffin Fandangle</u>

Ass'n, 624 F.2d 717, 719 (5th Cir. 1980); see also Illinois Central Railroad v. Pargas, Inc., 706 F.2d 633, 636 & n.2 (5th Cir. 1983) (requiring affirmative and distinct allegation of jurisdictional grounds and stating that although the pleader need not necessarily cite the particular statute or rule on which jurisdiction is based, "'the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot "be established argumentatively or by mere inference"'").

In the court's opinion, plaintiff has not satisfied her burden in this regard.  Nowhere in her complaint does she state or indicate that she is invoking this court's diversity jurisdiction.  She does not mention diversity jurisdiction; she does not cite the diversity jurisdiction statute; she does not demand any specific amount of damages and hence does not demand an amount of damages in excess of the jurisdictional minimum for diversity jurisdiction; and in the court's opinion, it is not facially apparent that compensation for the kinds of injuries she claims would necessarily exceed $75,000.

However, because there is a substantial likelihood that diversity  jurisdiction exists, the court, rather than dismiss the complaint at this time, will give plaintiff an opportunity to amend to cure the deficiency in her jurisdictional allegation, and only should she fail to make a timely amendment will her complaint be dismissed.

2

Based on the foregoing, it is ordered that defendant's motion to dismiss is denied. It is further ordered that on or before April 4, 2007, plaintiff may file an amended complaint distinctly and affirmatively setting forth the basis for this court's jurisdiction, failing which her complaint will be dismissed without further notice.

SO ORDERED this 26th day of March, 2007.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE